UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CR-448 CMS/JMB |
| ) | |
| ALFRED MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Before the Court are Defendant Alfred Montgomery's Motions to Reconsider the Magistrate Judge's Order Setting Conditions of Release (Doc. 22) and to Revoke Order of Detention (Doc. 50). For the reasons set forth below, the Court DENIES Defendant's Motion to Revoke Order of Detention (Doc. 50) and DENIES as moot Defendant's Motion to Reconsider Order Setting Conditions of Release (Doc. 22).

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3142(c), a judicial officer may determine that release of a person on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person or will endanger the safety of any other person or the community. In that case, the judicial officer shall order pretrial release subject to the condition that the person not commit a Federal, State, or local crime during the period of

1

release and subject to the least restrictive further condition, or combination of conditions, that the judicial officer determines will reasonably assure the appearance of the person and the safety of any other person or the community. *Id.* One such condition is that the person refrain from possessing a firearm. *Id.*

Pursuant to 18 U.S.C. § 3142(g), the judicial officer shall, in determining the conditions of release, consider, among other things: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the defendant, including his history relating to drug or alcohol abuse; and the nature and seriousness of the danger to any person or the community posed by the defendant's release.

A person who has been released under Section 3142 may file a motion for amendment of the conditions of release. 18 U.S.C. § 3145(a)(2). This Court's review of the Magistrate Judge's Order setting the conditions of release is *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1481-86 (8th Cir. 1985) (en banc).

Pursuant to 18 U.S.C. § 3148, a person who has been released under Section 3142 and has violated a condition of release is subject to revocation of his release and an order of detention. 18 U.S.C. § 3148(a). An attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the Court. 18 U.S.C. § 3148(b). Section 3148(b) goes on to provide:

2

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . .

A person who has been detained may file a motion for revocation of the order of detention. 18 U.S.C. § 3145(b). This Court's review of the Magistrate Judge's Order of Detention is *de novo*. *See United States v. Sazenski*, 806 F.2d 846, 847 (8th Cir. 1986) (per curiam).

This Court has reviewed the record and factual findings of Magistrate Judge John M. Bodenhausen and adopts his decisions. *See United States v. Cook*, 87 F.4th 920, 924-25 (8th Cir. 2023). The Court nonetheless sets forth its own findings of facts and statement of reasons below. *Id.*

### FINDINGS OF FACTS AND STATEMENT OF REASONS

On August 27, 2025, the federal Grand Jury returned an indictment charging

3

Defendant, the Sheriff of the City of St. Louis, with willfully depriving a victim of the right to be free from unreasonable seizure while acting under color of law in violation of 18 U.S.C. § 242. (Doc. 2).

Among Defendant's relevant history and characteristics set forth in the initial Pretrial Services Report (Doc. 20) were: Defendant had been diagnosed with "anxiety" and prescribed Bupropion by a physician. By Defendant's own admission, he ceased taking the prescription weeks earlier. Defendant had used cannabinoids since the age of 17 and last used cannabinoids approximately three weeks earlier. According to criminal history records, Defendant had a petition for an order of protection filed against him on April 17, 2025. The case ultimately was dismissed by the court without prejudice.

On August 28, 2025, the Magistrate Judge entered his Order Setting Conditions of Release pursuant to Section 3142. (Doc. 9). The Magistrate Judge ordered Defendant's release subject to the conditions, among others, that Defendant must "not violate federal, state, or local law while on release" and "must advise the court or the pretrial services office or supervising officer in writing before making any change of . . . telephone number." (Doc. 9 at 1). Additional conditions required Defendant to submit to supervision by the Pretrial Services Office, avoid all contact with any victim or witness in the investigation or prosecution, not possess a firearm, not possess or use marijuana or any marijuana derivative, and submit to testing for a prohibited substance. (Doc. 9 at 2).

On September 16, 2025, Defendant filed his Motion to Reconsider the Order Setting Conditions of Release pursuant to Section 3145(a)(2). (Doc. 22). Specifically, Defendant moved for reconsideration of the condition prohibiting him from possessing a firearm.

While Defendant's motion was under advisement, the Grand Jury returned a Superseding Indictment against Defendant on October 8, 2025. (Doc. 34). The Superseding Indictment repeated, in Count One, the original charge of deprivation of rights under color of law. In Counts Two, Three, Four, Five, and Six, the Grand Jury charged Defendant with tampering with, and retaliating against, various witnesses in violation of 18 U.S.C. §§ 1513(e) and 1512(b)(2)(B), including by using a cell phone not previously disclosed to the Court or the Pretrial Services Office. Counts Four, Five, and Six were alleged to have occurred while Defendant was on pretrial release.

Also on October 8, the United States Attorney moved for pre-trial detention of Defendant. The Government pointed to the "serious risk" that Defendant would obstruct justice or threaten, injure, or intimidate a prospective witness. (Doc. 31 at 1). The Government argued that Defendant "has demonstrated through his post indictment behavior that he is not amenable to release and supervision, as reflected in the superseding indictment" and "will continue to violate either his bond conditions, the law, or both." *Id.* at 1-2. Thus, the Government argued "there are no conditions or

5

combination of conditions that will reasonably assure defendant's appearance as required and the safety of any other person and the community . . . ." *Id.* at 2.

The Pretrial Services Office also submitted a Petition for Action on Conditions of Pretrial Release based on the allegations in the Superseding Indictment and a prior violation for submitting a urine sample positive for marijuana. (Doc. 36). The Petition requested a warrant for Defendant's arrest and a prompt bond revocation hearing. *Id.*

The next day, October 9, 2025, Defendant appeared before the Magistrate Judge and was arraigned on the Superseding Indictment. The Magistrate Judge added as a condition of release the Home Incarceration Location Monitoring Program, pursuant to which Defendant was directed to "24-hour-a-day lock-down at his residence," and set a bond revocation hearing for October 14, 2025. (Doc. 35).

At the hearing, the Magistrate Judge revoked Defendant's bond and remanded him to the custody of the U.S. Marshal. Based on the Grand Jury's probable cause finding in the Superseding Indictment, the Magistrate Judge found, pursuant to Section 3148(b)(1)(A), "probable cause to believe that Defendant committed three felony offenses after the Court released him on October 28, 2025." (Doc. 45 at 1). Accordingly, the Magistrate Judge found a rebuttable presumption that there is no condition or combination of conditions that would assure that Defendant would not pose a danger to the safety of any other person or the community pursuant to Section 3148(b). *Id.* at 2. The

Magistrate Judge considered evidence proffered by Defendant at the hearing and found Defendant failed to rebut the presumption. *Id.* Further, the Magistrate Judge concluded that, even had Defendant rebutted the presumption, Defendant was unlikely to abide by any condition or combination of conditions of release pursuant to Section 3148(b)(2)(B). *Id.* These findings were based on "the entire record before the Court" and, specifically, the Government's proffer of evidence at the hearing that Defendant used an undisclosed cell phone in connection with the felony offenses charged in the Superseding Indictment. *Id.*

Defendant now challenges the Magistrate Judge's Order of Detention pursuant to Section 3145(b). (Doc. 50). The Government filed its Opposition to Revocation of the Court's Order of Detention on November 4, 2025. (Doc. 58). Defendant filed his Reply in Support of His Motion to Revoke Order of Detention on November 5, 2025. (Doc. 59). This Court has closely reviewed the record and the parties' pleadings.

**Motion to Revoke Order of Detention**

Defendant argues the Magistrate Judge improperly based his detention order exclusively on the probable cause finding of the Grand Jury. He maintains the Magistrate Judge did not allow him a full opportunity to present witnesses and information pursuant to Section 3142(f). (Doc. 50 at 3-4). Defendant is incorrect on both the law and the facts.

Defendant makes much of the language of Section 3148 requiring "the judicial

7

officer" to make a finding of probable cause that a defendant committed a crime while on release before the judicial officer may order revocation of the defendant's release. But nothing in Section 3148 prohibits a judicial officer from basing his finding of probable cause on the information contained in an indictment supporting a grand jury's probable cause determination. Indeed, the Supreme Court has gone so far as to hold that an indictment "conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged," and "a challenge to the reliability or competence of the evidence supporting the grand jury's finding of probable cause will not be heard." *Kaley v. United States*, 571 U.S. 320, 329 (2014) (internal citations and quotations omitted). "The grand jury, all on its own, may effect a pre-trial restraint on a person's liberty by finding probable cause to support a criminal charge." *Id.*[1]

In any event, this Court makes its own *de novo* finding of probable cause from the information contained in the Superseding Indictment and evidence presented by both parties at the revocation hearing.

The Superseding Indictment charges that, while on supervised release, Defendant

---

[1] Defendant concedes that "a grand jury's finding of probable cause . . . may be appropriate to consider." (Doc. 50 at 3). His argument is merely that "this Court, in its *de novo* review, is not required to substitute the grand jury's determination of probable cause for its own." *Id.* Suffice it to say this Court has considered the Grand Jury's finding of probable cause and, whether it may do so or not, has not substituted the Grand Jury's determination of probable cause for its own.

8

retaliated against witnesses by terminating one witness's employment at the Sheriff's Office, placing another witness on administrative leave, and relieving a third witness of his supervisory duties and decision-making authority. (Doc. 34 at 6, 7).

The Superseding Indictment also quotes *verbatim* a recorded telephone call in which Defendant, using an undisclosed cell phone, stated that the three witnesses had "been playing fucking games since day one" and were "the ones been telling the feds all type of shit." (Doc. 34 at 4). He referred to the witnesses' depositions and statements to the FBI and demanded that the witnesses "gotta go." He declared, "I don't have to take this shit, I'm the fucking sheriff. . . . I don't have to tolerate this shit. You work for the pleasure of me. I brought you in this motherfucker, I will move you up out this motherfucker." *Id.*

At the revocation hearing, the Assistant United States Attorney proffered that Defendant made his intent to tamper with witnesses very clear in the recorded phone call. (Doc. 55 at 30-31). The Pretrial Services officer testified, subject to cross-examination, that Defendant obtained a previously undisclosed personal phone. *Id.* at 39-40. The Pretrial Services officer had reviewed the phone call quoted in the Superseding Indictment and, in addition to quoted portions of the call, Defendant also made a threat of violence against one of the witnesses. *Id.* at 40.

Defendant insists he was not permitted to rebut this evidence at the revocation

9

hearing pursuant to Section 3142(f), which provides a defendant "shall be afforded an opportunity to . . . present witnesses . . . and to present information by proffer or otherwise." Specifically, he argues the Magistrate Judge prevented him from eliciting the testimony of retired judge David Mason, who is now an attorney in the Sheriff's Office. (Doc. 50 at 4). Defendant characterizes the proffered testimony as evidence that would "negate the probable cause implicit in the superseding indictment." *Id.*

As the Supreme Court made clear in *Kaley*, 571 U.S. at 329, a grand jury's finding of probable generally is irrebuttable. *See id.* ("This Court has repeatedly declined to require the use of adversarial procedures to make probable cause determinations. . . . [A] grand jury's finding of probable cause to think that a person committed a crime can be made reliably without an adversary hearing.") (internal citations, quotations, and alterations omitted). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). "Probable cause is 'not a high bar.'" *United States v. Whitfield*, 140 F.4th 978, 983 (8th Cir. 2025) (quoting *Kaley*, 571 U.S. at 338).

Further, Section 3142(f) provides for a detention hearing "to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." Section 3142(f) does not provide for a hearing to revisit a grand jury's probable cause finding.

For these reasons, whether the requirement of Section 3142(f) that a defendant shall be afforded an opportunity to present witnesses refers to witnesses called to "negate" a grand jury's probable cause finding is doubtful.

Even if Section 3142(f) permitted Defendant to present witnesses to rebut the Grand Jury's probable cause finding, Defendant's position at the revocation hearing was not that he was prevented from doing so. Rather, by the end of the hearing, defense counsel acknowledged he had proffered his evidence, did not take the opportunity to call his one witness, and represented he had nothing further to present.

At the outset of the hearing, defense counsel stated, "[T]o the extent that the Court's ruling is that the Grand Jury's finding of probable cause in the absence of any evidence at all before this Court is sufficient and is not going to permit us to challenge that with evidence . . . that is over our express objection." (Doc. 55 at 7-8). The Magistrate Judge responded, "I will accept the Grand Jury's finding of probable cause with an indictment that's been handed down. . . . As far as hearing what you want to say, I'll be happy to hear what you want to say." *Id.* at 8. Defense counsel stated, "[M]y intention this morning is . . . to proceed in two capacities. First, by way of a brief proffer of certain things that don't require testimony or evidence. . . . [W]e do intend to introduce testimony from one witness to establish that the weight of the evidence against the defendant is both in our view weak [and] . . . the nature of circumstances of the offense."

11

*Id.* at 10-11. Defense counsel alleged that all the allegations in the Superseding Indictment amounted to legitimate "adverse employment action," and the Court could impose conditions of release short of detention. *Id.* at 11. The Magistrate Judge responded, "[W]hy don't you talk about those circumstances first . . .. I think it would be easier for me to hear testimony later knowing where you are headed, if you are comfortable with that." *Id.* at 12. Defense counsel responded that he would "be happy to start wherever the court would like me to start" and "I'd be happy to address by way of proffer – but we have evidence to support as well . . .." *Id.* at 13-14.

    Defense counsel then proffered at length evidence that the witnesses were the subject of "an employment-related inquiry" related to work-place misconduct. *Id.* at 14. Defense counsel continued to proffer that a committee within the Sheriff's Office, "as I believe the testimony would establish today," unanimously recommended to Defendant that one of the witnesses be immediately terminated. *Id.* at 22. Regarding former judge Mason, the one witness defense counsel expected to call, defense counsel proffered, "I believe he would tell you that . . . the committee's recommendation did not operate as some sort of patsy for the sheriff." *Id.* at 24-25. Again, the Magistrate Judge stated he would not permit defense counsel to impeach the Superseding Indictment, but he would "take your proffer, that you are saying that that didn't happen that way, that these were employment actions. And I'll take that as your proffer . . . that there were employment

12

actions in place." Regarding the proposed testimony, the Magistrate Judge stated, "I don't think I need to hear it because I think I understand your point." *Id.* at 26.

Ultimately, the Magistrate Judge stated, "I've taken your proffer as to what Judge Mason would have testified to. Did you have any other witnesses you would like to call?" Defense counsel responded, "Your honor, other than Judge Mason, no. I do have some additional . . . proffer or argument to make." *Id.* at 61. The Magistrate Judge replied, "I'd be happy to hear all that. Let me . . . hear from you. Go ahead." *Id.* Defense counsel then further proffered that former judge Mason would testify that he has firsthand knowledge that Defendant did not do what was alleged in the Superseding Indictment. *Id.* at 63-64. Defense counsel reiterated that he was prepared to present this testimony from former judge Mason. He noted the Court was not allowing him to do that, so he wanted to proffer that evidence to the Court. *Id.* at 64-65. Again, the Magistrate Judge explicitly accepted defense counsel's proffer. *Id.* at 66.

Finally, when defense counsel repeated that former judge Mason would testify, the Magistrate Judge responded, "All right. Well, let's have him testify." *Id.* at 67. Defense counsel did not accept the Magistrate Judge's offer. Instead, he continued to proffer that former judge Mason would testify that, if he was ever asked to do anything unlawful or to engage in witness retaliation, he would resign. *Id.* at 68-69. The Magistrate Judge asked of defense counsel, "Anything further?" Defense counsel responded, "No, Your Honor.

13

Thank you." *Id.* at 69.

Thus, even if Section 3142(f) required the Magistrate Judge to afford Defendant the opportunity to present witnesses to rebut the Grand Jury's finding of probable cause, the Magistrate Judge in fact afforded Defendant the opportunity have his only witness testify. Instead, Defendant proffered that witness's testimony, and the Magistrate Judge accepted the proffer, consistent with Section 3142(f)'s requirement that Defendant "shall be afforded an opportunity . . . to present information by proffer or otherwise."

At any rate, Defendant's evidence, whether adduced by proffer or live testimony, simply does not rebut the probable cause, provided in the Superseding Indictment and the evidence at the revocation hearing, to believe that Defendant retaliated against witnesses. Intent, as in Defendant's intent to retaliate against witnesses by taking employment actions against them, generally is proved by circumstantial evidence. *See United States v. Idriss*, 436 F.3d 946, 950 (8th Cir. 2006) ("The government need not prove intent directly and can often prove intent by circumstantial evidence. . . . Intent can be inferred from the facts and circumstances surrounding a defendant's actions.") (internal citations and quotations omitted). Here, circumstantially, the witnesses provided information against Defendant, and shortly thereafter Defendant took punitive actions against them. Those circumstances alone amount to probable cause to believe that Defendant intended to retaliate against the witnesses. But here the evidence of Defendant's intent is not only

14

circumstantial. Rather, in the phone call quoted in the Superseding Indictment and presented by the Government at the hearing, Defendant made his criminal intent abundantly clear. While Defendant's evidence that a committee recommended employment actions to Defendant may offer a competing explanation for the actions Defendant took against the witnesses, it does not, strictly speaking, rebut the Government's evidence of Defendant's intent.

From the entire record and all the evidence, this Court finds probable cause to believe that Defendant committed crimes while on supervised release pursuant to Section 3148(b)(1)(A).

The Court also finds, by clear and convincing evidence, that Defendant violated conditions of release pursuant to Section 3148(b)(1)(B). In violation of the conditions of release, Defendant had contact with victims or witnesses and used a cell phone not previously disclosed to the Court or the Pretrial Services Office to make a phone call associated with the charged crimes. (Doc. 55 at 28-29). According to the testimony of the Pretrial Services officer, Defendant otherwise failed to fully submit to supervision by being "combative" at first, testing positive for marijuana and offering differing excuses, and demonstrating a lack of candor regarding the undisclosed cell phone and the number of firearms he possessed. (Doc. 55 at 33, 35-39, 44).

Finally, Defendant requests that, even if this Court finds probable cause that

Defendant committed a federal crime while on release, the Court should find that there remain conditions of release that would assure that Defendant would not pose a danger to the safety of the community pursuant to Sections 3142(b)(2) and 3142(g). (Doc. 50 at 4). Defendant repeats that he was prevented from presenting testimony at the revocation hearing regarding the weight of the evidence against him and the nature and circumstances of the offense charged, two factors to be considered under Section 3142(g). As already explained, that was not the case.

At any rate, this Court, having considered all the evidence, including the evidence proffered by Defendant, and regardless of any rebuttable presumption, finds there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community pursuant to Sections 3148(b)(2)(A) and 3142. "[A] court may refuse bail when the defendant presents a threat to the judicial process by intimidating witnesses." *United States v. Salerno*, 481 U.S. 739, 753 (1987).

Finally, Defendant fails to address the additional reason under Section 3148(b)(2)(B) for revocation of Defendant's pretrial release: Defendant is unlikely to abide by any condition or combination of conditions of release. For the reasons already stated, it is self-evident that Defendant is unlikely to abide by the conditions of release. This Court already has found clear and convincing evidence that Defendant violated multiple conditions of release. The Pretrial Services officer testified that Defendant is not

16

amenable to pretrial release. (Doc. 55 at 42-43). She testified that, given Defendant's use of the undisclosed cell phone to conduct the call described at the hearing and in the Superseding Indictment, effectively supervising him "would really virtually be impossible." *Id.* This is especially so considering that the victims and witnesses in this case work at the Sheriff's Office. *Id.* at 43.

For all of these reasons, Defendant's Motion to Revoke Order of Detention (Doc. 50) is DENIED.

## Motion to Reconsider Bond Conditions

In his Motion to Reconsider the Magistrate Judge's Order Setting Conditions of Release (Doc. 22), Defendant argues the condition prohibiting him from possessing a firearm while on supervision violates the Bail Reform Act of 1984, which requires "the least restrictive" conditions necessary to guard against the risk of flight and danger to the community. *See* 18 U.S.C. § 3142, *et. seq*. Second, Defendant argues the condition, as applied to him, violates the Second Amendment to the United States Constitution pursuant to *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *New York State Rifle and Pistol Assn. v. Bruen*, 597 U.S. 742 (2022).

As set out at great length above, since Defendant filed his Motion, he has been indicted for felony offenses and ordered detained pursuant to 18 U.S.C. §§3142 and 3148. This Court will not revoke that Order of Detention. Additionally, by virtue of the

felony Superseding Indictment, Defendant is prohibited from receiving a firearm pursuant to 18 U.S.C §922(n). Therefore, Defendant's Motion is DENIED as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alfred Montgomery's Motion to Revoke Order of Detention (Doc. 50) is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that Defendant's Motion to Reconsider the Magistrate Judge's Order Setting Conditions of Release (Doc. 22) is **DENIED** as moot.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November 2025.